UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIRK D.,[1]                                                                                     3:17-cv-1638-JR

                              Plaintiff,

                                                                                    ORDER

        v.

NANCY A. BERRYHILL,
Deputy Commissioner of Social Security,

                                         Defendant.

RUSSO, Magistrate Judge:

        Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income (SSI). Plaintiff asserts disability beginning June 1, 2008 due to attention deficit hyperactivity

---

[1] In the interest of privacy, this order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this order uses the same designation for a non-governmental party's immediate family member.

disorder, post-traumatic stress disorder, obsessive compulsive disorder, manic depression, anxiety, arthritis, and social phobia. Tr. 238, 266.

After a hearing held on March 22, 2016, an administrative law judge (ALJ) determined plaintiff was not disabled as of his last date insured, June 30, 2010, and therefore denied his application for disability insurance benefits. In addition, the ALJ determined plaintiff was not disabled as of the date of the decision, and thus denied his application for SSI. Plaintiff asserts the ALJ erred by: (1) failing to find plaintiff had a severe mental impairment prior to his last date insured; (2) rejecting a treating counselor's opinion that plaintiff has marked limitations in concentration, persistence, pace, and maintaining attendance; and (3) rejecting witness statements.

A.  Severe Mental Impairments Prior to June 30, 2010.

The medical record provided to the Social Security Administration (Administration) prior to plaintiffs last date insured, consists of only a few pages. Tr. 413-420. Although plaintiff asserts limitations due to mental impairments, he has provided no evidence that any mental impairments were diagnosed by an acceptable medical source prior to his last date insured. The only mention in the medical record of a mental impairment diagnosis prior to plaintiff's last insured appears in a 2011 chart note indicating bipolar disorder on a "problems list" with a "first date" of July 13, 2007. Tr. 406. Because of the lack of diagnosis of a mental impairment prior to the last date insured, the ALJ found the alleged conditions were nonmedically determinable impairments. Tr. 20. The ALJ did seek consultative opinions from David T. Scott, Ph.D., and Joshua Boyd, Psy.D., who reported there was insufficient evidence to evaluate claimant's impairments before his last date insured. Tr. 22. The ALJ also noted plaintiff failed to present any further evidence from the period before the last date insured at the hearing level as well. Tr. 22. At the hearing, plaintiff's counsel remarked,

"[i]t would be interesting to see some of the past medical records," however, counsel failed to supplement the record in this regard. Tr. 50.[2]

> At step two, [plaintiff has] the burden to show [he has] a medically determinable impairment or combination of impairments .... An impairment is medically determinable if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.
>
> To be medically determinable, a ... mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings..... Signs are anatomical, physiological, or psychological abnormalities that can be observed, apart from the claimant's statements; signs must be shown by medically acceptable clinical diagnostic techniques.... Laboratory findings are anatomical, physiological, or psychological phenomena that can be shown by the use of medically acceptable laboratory diagnostic techniques.... Symptoms are the claimant's own descriptions of his physical or mental impairment..... However, a claimant's statement of symptoms alone is not enough to establish a physical or mental impairment.

Murray v. Colvin, 2016 WL 4528461, at *1 (W.D. Wash. Aug. 30, 2016).

In establishing an impairment, it is plaintiff's responsibility to submit evidence supporting his disability. The Administration will consider only impairments for which it receives evidence. 20 C.F.R. § 404.1512(a)(1). Plaintiff must inform the Administration of, among other things, his medical sources and the nature and severity of his impairments. Id. Although the Administration is responsible for developing the record, it need only make a reasonable effort to assist obtaining medical information from entities that maintain plaintiff's medical records. 20 C.F.R. § 404.1512(b). While plaintiff asserts the ALJ has failed to develop the record in this regard, the plaintiff also fails to identify which medical sources the ALJ should have contacted for mental health

---

[2]Plaintiffs attorney requested an additional thirty days to supplement the record. The ALJ also noted she would provide additional time if counsel needed it. Tr. 46. Nonetheless, counsel did not provide any further information regarding medical records prior to plaintiff's last date insured.

records prior to his last date insured. Accordingly, the ALJ did not err in finding plaintiff failed to establish a medically determinable severe mental impairment prior to his last date insured. See Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (It is plaintiff's duty to furnish evidence showing a medical determinable impairment.).

Moreover, although the ALJ stopped at step two for purposes of evaluating whether plaintiff was entitled to disability insurance benefits, the ALJ did evaluate plaintiff's SSI application. For purposes of SSI, the ALJ determined plaintiff has severe anxiety, depression, bipolar disorder, panic disorder, and substance abuse disorder. Tr. 23. Nonetheless, the ALJ ultimately found plaintiff retained the residual functional capacity to perform work existing in significant numbers in the national economy. Accordingly, even if the ALJ erred in failing to find a severe mental impairment before plaintiff's last date insured, such error was harmless. Cf., e.g., Teague v. Astrue, 2010 WL 5094252, at *4 (C.D. Cal. Dec. 7, 2010) (failure to find impairment severe harmless if ALJ resolves step 2 in plaintiff's favor; if the ALJ nonetheless considered the impairment; or if substantial evidence demonstrates non-disability regardless of the impairment).

B.  Treating Counselor's Opinion

On December 8, 2015, plaintiff began treatment with Luke-Dorf Integrated Assessment. Tr. 580. Licensed Professional Counselor William Feldman worked with plaintiff to address his anxiety. Tr. 591. On May 5, 2016, Feldman opined that plaintiff had marked limitations in understanding and remembering very short and simple instructions, carrying out very short and simple instructions, maintaining attention for two hour segments, and maintaining regular attendance and punctuality. Tr. 613. Feldman further opined that plaintiff had marked limitations in maintaining concentration, persistence, and pace. Tr. 614.

The ALJ gave greater weight to the assessments of Drs. Scott and Boyd, who opined plaintiff could perform simple one to three step tasks and familiar detailed tasks at a predictable pace. Tr. 30, 138, 165. The ALJ rejected Feldman's opinion stating:

> the claimant has been tangential in sessions with Mr. Feldman but he was redirectable, the examining psychologist observed that the claimant could do a serial sevens exercise for five operations and the examining physician observed that the claimant's mental status was "good." The objective evidence of the claimant's mental functioning at the consultative examinations strongly suggests he does not have marked limitations in understanding, remember, or carrying out simple work. His limited treatment history and activities of daily living also suggest that he is not markedly limited in performing and sustaining simple work. It is also notable that Mr. Feldman did not respond to the questions regarding the claimant's substance use, which suggest he has limited first-hand information on the claimant's activities and functioning.

Tr. 31.

As an unacceptable medical source, the ALJ may discount Feldman's opinion by providing germane reasons specific to Feldman. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Although plaintiff attempted to explain Feldman's failure to respond to questions regarding plaintiff's remission and substance abuse, the ALJ reasonably concluded that failure demonstrated a lack of familiarity with plaintiff's functioning. At Luke-Dorf, Dr. Marcela Vinocur diagnosed cannabis abuse as recently as December 8, 2015. Tr. 508. While plaintiff argues that because he has a medical marijuana card he could not have been abusing marijuana, the record supports such abuse.

In addition, past medical records indicates alcohol, cocaine, and methamphetamine abuse to the extent that plaintiff's treatment providers refused to refill his pain medication. Tr. 413-16, 422-23.[3] Even assuming remission, it was reasonable for the ALJ to conclude that Feldman's failure to

---

[3] During the hearing, plaintiff's counsel acknowledged there is a "drug and alcohol issue" in this case. Tr. 51.

answer questions such as whether the substance abuse contributes to plaintiff's limitations, indicates lack of familiarity. Tr. 615. This is a germane reason for rejecting Feldman's opinion.

Moreover, other medical reports contradicting Feldman's opinion also provide a germane reason for rejecting Feldman's opinion. See Hyneman v. Colvin, 2013 WL 5913235, at *5 (W.D. Wash. Nov. 4, 2013) (reports containing findings that can be reasonably construed as inconsistent with other medical source's opinion is a germane reason to discount the opinion). While plaintiff disagrees with the assessment of the medical record, the ALJ's conclusions are reasonable and she did not err in rejecting Mr. Feldman's opinion.

C.     Lay Witness Reports

Plaintiff's mother's care giver, Kathy Florian, reported weekly contact with plaintiff. She stated, plaintiff

> is a gentleman and has a good sense of humor. He does have mood swings that catch me off guard. At times I try to hurry him as he seems distracted and irritated, but we have had to reschedule appointments because of the mood he is in. Which makes me feel he might have difficulty holding a job on those days.

Tr. 366. The ALJ rejected the opinion as speculative and vague and inconsistent with plaintiff's limited treatment history and activities of daily living. Tr. 32.

An ALJ must consider nonmedical evidence by individuals with knowledge of the claimant's functioning. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 974–75 (9th Cir. 2000). However, an ALJ may discount lay opinions "by providing 'reasons that are germane to each witness.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006), quoting Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Although the lay witness may provide her observations, she can only speculate as to whether plaintiff is employable. Accordingly, the ALJ provided a germane reason

for rejecting Florian's assertion that plaintiff would have difficulty holding a job. To the extent the ALJ failed to specifically reject Florian's observation regarding plaintiff's mood, the ALJ limited plaintiff to occasional interactions with supervisors and coworkers and no interaction with the public. Tr.26. Accordingly any error is harmless. Even incorporating Florian's observation of plaintiff would not change the ALJ's determination. See Dikov v. Soc. Sec. Admin., 2014 WL 6085842, at *15 (D. Or. Nov. 13, 2014), aff'd sub nom. Dikov v. Berryhill, 706 F. App'x 377 (9th Cir. 2017) ("The court cannot conclude that the ALJ's decision would have changed had she fully credited Woodrow's statement. Thus, the ALJ's error in failing to provide germane reasons for rejecting Mr. Woodrow's testimony was harmless.").

Plaintiff's daughter, Krystal L., primarily contacts plaintiff via phone at least monthly as they live in different states. Tr. 295. Krystal L. notes plaintiff is very reclusive and doesn't interact with people due to anxiety. Tr. 299. Krystal L. reports that plaintiff thinks people are out to sabotage him and thus "purposely avoids interaction with people." Krystal L. further reports plaintiff needs to be reminded to take medication daily[4] and to "stay on track most likely." Tr. 297.

The ALJ gave little weight to Krystal L.'s report because her monthly phone contact suggests she has little first-hand information of the claimant's day-to-day functioning. Tr. 31. Although, plaintiff argues his daughter "hosted her father for a time in her home in Maryland," the ALJ reasonably concluded that Krystal L.'s statement that she "mostly keeps in contact via phone at least monthly" limited her insight into plaintiff's functioning especially in light of her contradictory statements concerning plaintiff's medications. The ALJ provided a germane reason for rejecting

---

[4] Krystal L. also reports plaintiff does not take any medicines for his condition, because "he needs medication, but doesn't have the means for it." Tr. 301.

Page 7 - ORDER

Krystal L.'s report. Moreover, as noted above, the ALJ's residual functional capacity determination accounted for plaintiff's limited ability to maintain contact with people.

Plaintiff's friend, Susan Johnson, stated she spends one to eight hours a day five times a week with plaintiff. She reported plaintiff has difficulty concentrating, forgets to bathe, needs reminders to take medication, has mood swings, and problems getting along with people. Tr. 342-349. The ALJ gave little weight to this statement finding it did not align with plaintiff's own description of his daily activities. Tr. 31.

Ms. Johnson asserted plaintiff's condition limited him in virtually every activity imaginable including hearing, walking, talking, squatting, bending, etc. Tr. 347. However, plaintiff reported no problems with self care, such as bathing, and stated he needs no reminders for personal needs and grooming. Tr. 276. In addition, plaintiff reported no problems with hearing, walking, talking, or squatting. Tr. 279. Accordingly, the ALJ provided a germane reason for rejecting Ms. Johnson's report. Moreover, as noted above, the ALJ accounted for plaintiff's problems getting along with people.

The ALJ did not err in rejecting witness statements.

## **CONCLUSION**

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed.

DATED this 17th day of December 2018.

      /s/ Jolie A. Russo
    JOLIE A. RUSSO
    United States Magistrate Judge